[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-15674
Non-Argument Calendar
_____

D.C. Docket No. 0:11-cr-60171-MGC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

UBIRAJARA EUGENIO SILVA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(July 30, 2012)

Before BARKETT, PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

Ubirajara Eugenio Silva appeals his 41-month sentence, imposed at the low end of the applicable guideline range, after pleading guilty to one count of reentry of a deported alien, in violation of 8 U.S.C. § 1326(a), (b)(2).  On appeal, Silva argues that his sentence was both procedurally and substantively unreasonable.  Silva contends that the district court emphasized the need to deter him from future criminal conduct to the detriment of all the other 18 U.S.C. § 3553(a) factors.  Silva also contends that the 41-month sentence was unreasonably harsh given the age of his prior conviction and his poor health.

We review the  reasonableness of a sentence imposed by the district court under a deferential abuse of discretion standard of review.  Gall v. United States, 552 U.S. 38, 41, 128 S. Ct. 586, 591 (2007).  "We may set aside a sentence only if we determine, after giving a full measure of deference to the sentencing judge, that the sentence imposed truly is unreasonable."  United States v. Irey, 612 F.3d 1160, 1191 (11th Cir. 2010) (en banc).

The district court must impose a sentence "sufficient, but not greater than necessary, to comply with the purposes" listed in 18 U.S.C. § 3553(a)(2), including the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public from the defendant's future criminal conduct.  18 U.S.C. § 3553(a)(2).

2

In imposing a particular sentence, the court must consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guideline range, and any pertinent policy statements of the Sentencing Commission.  Id. § 3553(a)(1), (3)-(5).  While the district court must consider all of the factors listed in § 3553 and give an explanation for the sentence imposed, the district court need not discuss each factor explicitly.  United States v. Gonzalez, 550 F.3d 1319, 1324 (11th Cir. 2008).  "An acknowledgment the district court has considered the defendant's arguments and the § 3553(a) factors will suffice."  Id.

In reviewing the reasonableness of a sentence, we first ensure that the sentence was procedurally reasonable, meaning the district court properly calculated the guideline range, treated the Guidelines as advisory, considered the § 3553(a) factors, did not select a sentence based on clearly erroneous facts, and adequately explained the chosen sentence.  Gall, 552 U.S. at 51, 128 S. Ct. at 597.  Once the Court determines that a sentence is procedurally sound, it examines whether the sentence was substantively reasonable in light of the totality of the circumstances.  Id.

The party who challenges the sentence bears the burden to show it is unreasonable in light of the record and the § 3553(a) factors.  United States v.

Tome, 611 F.3d 1371, 1378 (11th Cir. 2010).  Although we do not automatically presume a sentence falling within the guideline range to be reasonable, we ordinarily expect such a sentence to be reasonable.  United States v. Hunt, 526 F.3d 739, 746 (11th Cir. 2008).

We reverse only if left with the firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case.  Irey, 612 F.3d at 1190.  For instance, a district court's unjustified reliance upon any one § 3553(a) factor may be a "symptom" of an unreasonable sentence.  See United States v. Crisp, 454 F.3d 1285, 1292 (11th Cir. 2006).

Silva's sentence is both procedurally and substantively reasonable.  As to procedural reasonableness, both parties agree that the district court properly calculated the guideline range.  Although Silva asserts that the district court considered only the need for individual deterrence to the detriment of all other § 3553(a) factors, the record does not support this contention.  The district court listened to Silva's arguments about his poor health and the age of his prior conviction but ultimately concluded that the guideline range of 41 to 51 months reflected the § 3553(a) factors.  While the court mentioned only the need to deter

4

Silva from unlawfully reentering the United States in explaining the sentence, the court was under no obligation to discuss separately each factor found in § 3553(a). Gonzalez, 550 F.3d at 1324.

The sentence was also substantively reasonable. The weight accorded to any particular factor under § 3553(a) is left to the sound discretion of the district court absent a clear error of judgment. Irey, 612 F.3d at 1190. Silva argues that several factors, including his health, justified a downward adjustment. The record shows that the court considered these factors but found the need for deterrence of greater importance. The district court explained that Silva had been deported twice before and that lesser remedies had clearly failed to deter him from unlawfully reentering the United States. In light of the record, Silva has not met his burden of showing an abuse of discretion. Accordingly, we affirm the sentence as both procedurally and substantively reasonable.

**AFFIRMED.**[1]

---

[1]    Silva's request for oral argument is DENIED.